**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZELDA TRAHAN, Estate of P.G., deceased minor, | No.   14-35366 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02111-RAJ |
| v. | MEMORANDUM[*] |
| CLAYTON DUBLIER & RICE; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted July 13, 2018
Seattle, Washington

Before:  CLIFTON and NGUYEN, Circuit Judges, and BATTAGLIA,[**] District
Judge.

Zelda Trahan filed suit against Defendants Clayton Dublier & Rice,

American Medical Response, Emergency Medical Services Corporation, Envision

Healthcare Corporation, King County of Washington State, Medic 8 of King

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

County Medic One, and Harborview Medical Center of Washington. Ms. Trahan alleges that her daughter, Purpose Goldsmith, while in a medical crisis, was transported to Harborview Medical Center instead of the hospital closest to her home in violation of 42 U.S.C. § 1395dd, the Emergency Medical Treatment and Active Labor Act (EMTALA) and 42 U.S.C. § 1983.

The district court sua sponte dismissed Ms. Trahan's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that she had failed to state a claim under the EMTALA, her EMTALA claims were untimely under the Act's two-year statute of limitations, and that the EMTALA could not be pursued under § 1983. Ms. Trahan timely appealed. We review de novo the district court's decision to dismiss Ms. Trahan's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To determine whether a statute may be enforced via § 1983, the Supreme Court has delineated that the "crucial consideration is what Congress intended." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 252 (2009) (citation omitted). Thus, the "critical question, then, is whether Congress meant the judicial remedy expressly authorized by [the statute] to coexist with an alternative remedy available in a § 1983 action." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120-21 (2005).

14-35366

Here, "the provision of an express, private means of redress" in the EMTALA is "an indication that Congress did not intend to leave open a more expansive remedy under § 1983." *See id.* at 121 ("Thus, the existence of a more restrictive private remedy for statutory violations has been the dividing line between those cases in which we have held that an action would lie under § 1983 and those in which we have held that it would not."). Furthermore, allowing a plaintiff to employ § 1983 as a vehicle to circumvent the EMTALA's two-year statute of limitations "would be inconsistent with Congress' carefully tailored scheme." *Smith v. Robinson*, 468 U.S. 992, 1012-13 (1984), *superseded by statute on other grounds as stated in Fry v. Napoleon Comm. Schs.*, 137 S. Ct. 743, 746 (2017). Thus, we conclude that the EMTALA's comprehensive enforcement scheme demonstrates Congress' intent that the EMTALA be the exclusive means for remedying discrimination in emergency medical treatment.

Nevertheless, even if we had agreed with Ms. Trahan on this issue, Ms. Trahan has no viable claim under the EMTALA. The EMTALA clearly states that if an individual seeks emergency care from a hospital with an emergency room and if that hospital participates in the Medicare program, then "the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department . . . to determine whether or not an emergency medical condition . . . exists." 42 U.S.C. § 1395dd(a). Thus, as the

14-35366

EMTALA only provides a form of redress against a participating hospital, the only proper Defendant in this matter is Harborview Medical Center.

Ms. Trahan argues in her Reply Brief that Defendant Medic One is a "participating hospital" for EMTALA purposes. However, as this argument was first raised in her Reply Brief, it is waived. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Furthermore, we find this argument meritless as Medic One is an ambulance transport company and the EMTALA is clear that it only applies to participating hospitals with an emergency department. *See Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1255 (9th Cir. 1995) (highlighting that the EMTALA was enacted to address the issue of hospitals "dumping" patients who were unable to pay by refusing to provide them emergency medical treatment or transferring them before their medical condition is stabilized).

As to Harborview, Ms. Trahan's complaint does not adequately allege that Harborview provided her daughter a substandard medical screening examination. *See Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1256 (9th Cir. 2001) (explaining that a medical screening is appropriate "if it provides a patient with an examination comparable to the one offered to other patients presenting similar symptoms[.]") (citation omitted); *see also Vargas v. Del Puerto Hosp.*, 98 F.3d 1202, 1205 (9th Cir. 1996) (explaining that a merely slight or de minimis deviation from a hospital's screening policy is insufficient to establish a violation of the EMTALA).

14-35366

Moreover, Ms. Trahan does not allege that Harborview directed Medic 8 to another hospital. *See Arrington v. Wong*, 237 F.3d 1066, 1072 (9th Cir. 2001) (finding that a defendant hospital could have violated the EMTALA by diverting the plaintiff in a non-hospital owned ambulance to a more distant facility when it was not alleged that it was in diversionary status). Furthermore, any allegations revolving around Medic 8's decision to transport Ms. Trahan's daughter to Harborview, instead of to a closer facility, are outside the scope of the EMTALA as 42 C.F.R. § 489.24(b)(4) requires Ms. Trahan's daughter to be on hospital property for the EMTALA to be triggered. Accordingly, there are no allegations that would make Harborview liable under the EMTALA and we find any amendment to be futile.

As there is no remaining viable federal claim, we find the district court did not err in declining to take supplemental jurisdiction over Ms. Trahan's state law causes of action. 28 U.S.C. §1367(c)(3).

**AFFIRMED.**